IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0130-10






ANDREW WOODARD, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FOURTEENTH COURT OF APPEALS


BRAZORIA COUNTY





 Cochran, J., filed a concurring opinion in which Price and Womack, JJ.,
joined.


O P I N I O N 



 "Curiouser and curiouser." 

 I agree with the majority that, had appellant simply failed to object to the inclusion of
the unrelated lesser offense of conspiracy to commit aggravated robbery in the jury charge
when he had been charged with murder, (1) he would prevail under Almanza's (2) "egregious
harm" standard. It violates any notion of due process to convict a person charged with an
intentional murder of a totally different offense, such as conspiracy to commit aggravated
robbery. (3) 

 On the other hand, I also agree with the majority that the defense was clearly complicit
in having the conspiracy charges submitted to the jury. This strange mixture of murder
apples and conspiracy-to-commit-aggravated-robbery oranges was not the result of a simple
mistake or oversight. (4) 

 As the majority notes, the trial judge told the prosecutor that the defense attorney was
"prepared to stay here tonight until we get the charge ready." The prosecutor said that he was
going to give the judge and defense a "rough draft" and "we're going to work through that." 
The trial judge agreed and stated, "We'll just commit to get that done before we go home
tonight." The record does not reflect whether this charge conference was simply between
the defense and prosecutor or whether it included the judge as well. If the latter, the defense
counsel could have requested that the charge conference proceedings be on the record, but
he did not. We are left to speculate about whose idea it was to include the unrelated
conspiracy-to-commit-robbery and aggravated-robbery charges.

 But what is clear is that the defense attorney was very much aware of the addition of
those unrelated charges. Not only did he not object to including them, he helpfully provided
additional language concerning them. By the time the parties were back on the record the
following morning, the final charge had been drafted, and the prosecutor objected to certain
language added by the defense. That language, added after the application paragraphs for
conspiracy to commit aggravated robbery and conspiracy to commit robbery, was as follows:

 If you find from the evidence beyond a reasonable doubt that the Defendant is
either guilty of MURDER or CONSPIRACY TO COMMIT AGGRAVATED
ROBBERY, under the instructions herein given you, but you have a reasonable
doubt as to which of said offenses he is guilty, then you should resolve the
doubt in the Defendant's favor and find him guilty of the lesser offense of
CONSPIRACY TO COMMIT AGGRAVATED ROBBERY.

 . . . 

 If you find from the evidence beyond a reasonable doubt that the Defendant is
either guilty of CONSPIRACY TO COMMIT AGGRAVATED ROBBERY
or CONSPIRACY TO COMMIT ROBBERY, under the instructions herein
given you, but you have a reasonable doubt as to which of said offenses he is
guilty, then you should resolve the doubt in the Defendant's favor and find him
guilty of the lesser offense of CONSPIRACY TO COMMIT ROBBERY.

After the trial judge overruled the State's objection to this language, the defense said that it
had no objections to the charge. Under these particular circumstances, one may reasonably
infer that the defense attorney, if he did not originally suggest the inclusion of the lesser
offenses, at least was fully supportive of their submission and actively assisted in adding
language to them. The inclusion of these unrelated lesser offenses was not the result of 
"mistake, oversight [or] plain sloppiness" as envisioned by this Court in Almanza. (5)

 Appellant now argues that the additional instructions that he suggested were made
because "[t]rial attorneys often have to make judgment calls based on earlier rulings that did
not go their way." (6) True enough, but common sense suggests that if appellant thought that
an earlier ruling did not go his way, he would surely have said so. He did not. Quite the
reverse. From all that one can glean from the record, he was fully supportive of the notion
of submitting the lesser offenses of conspiracy to commit aggravated robbery and conspiracy
to commit robbery.

 With these comments, I join the majority opinion.

Filed: October 6, 2010

Publish

1. Appellant was charged with both intentionally and knowingly causing Mr. Ha's death
and with intentionally causing serious bodily injury and committing an act clearly dangerous to
human life that caused Mr. Ha's death. Tex. Penal Code § 19.02(b)(1) & (2). 
2. Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on reh'g).
3. Id. at 173 ("[I]t is clear that due process would be violated per se by convicting a person
for murder when he has been indicted for a totally different offense such as robbery").
4. See id. at 177 (Onion, P.J., concurring and dissenting). Presiding Judge Onion
lamented,

 Too frequently the [jury charge] "error" was due to mistake, oversight and plain
sloppiness in the preparation of the charge. It appears that trial judges are
allowing court reporters and others to draft the charges, and attempts are made to
follow pattern jury instruction forms and old charges without striking inapplicable
portions or trying to tailor the form to the allegations in the indictment in the case. 
There are often few or no objections to these charges, and trial judges are
apparently reading the charge to the jury without observing the obvious mistakes
therein.

Id. Unfortunately, times have not changed much since 1984, nor have mistakes in jury
instructions diminished significantly.
5. See id. at 177 (Onion, P.J., concurring and dissenting).
6. Appellant's Brief at 15.